UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL ALCALA FARIAS, | ) | 1:09cv1228 LJO DLB |
| | ) | |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF ACTION |
| v. | ) ) | |
| SIDNEY P. CHAPIN, | ) ) | |
| Defendant. | ) ) | |

Plaintiff, appearing pro se and proceeding in forma pauperis, filed the instant civil rights action on July 15, 2009. He names Kern County Superior Court Judge Sidney P. Chapin as a defendant and seeks relief from his designation as a vexatious litigant.

**DISCUSSION**

A.   Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1  Fed. R. Civ. P. 8(a) provides:

2  A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Plaintiff's Allegations

Plaintiff's complaint is a single page and states "this plea is for relief me as vexatious litigant designated on June 9, 2009 by Sidney P Chapin Judge of Superior Court of California Metropolitan Division." See Complaint. Plaintiff contends that he has the right to pursue his cases "on pro per pro se," citing 28 U.S.C. § 1915(d). Plaintiff further contends that he has a right under the United States Constitution to ask the Court for justice or decisions. See Complaint.

C.  Discussion

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the

> deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

    1.    *Judge Chapin*

Plaintiff complains about his designation as a vexatious litigant by Judge Chapin on June 9, 2009. However, judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). "As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986). Plaintiff's claim regarding his vexatious litigant status is not sufficient to prevent the application of judicial immunity.

    2.    *Preclusion*

Plaintiff's claim seeking relief from a state court vexatious litigant order also is precluded by the Rooker-Feldman doctrine. See, e.g., Bianchi v. Rylaarsdam, 334 F.3d 895, 900-01 (9th Cir. 2003). The Rooker-Feldman doctrine bars a federal district court "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Wolfe v. Strankman, 392 F.3d 358, 363 (9th Cir. 2004), citing Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). As Plaintiff essentially seeks to appeal or to undo a prior state-court determination that he is a vexatious litigant, his claim is barred by Rooker-Feldman.

1  Based on the facts alleged, Plaintiff cannot prevail on a Section 1983 claim and it
2 appears granting leave to amend the complaint would be futile.  Dismissal of a pro se complaint
3 for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the
4 facts that he has alleged and that an opportunity to amend would be futile.  See Lopez v. Smith,
5 203 F.3d 1122 (9th Cir. 2000) (en banc).  Accordingly, the Court recommends that the complaint
6 be dismissed without leave to amend for failure to state a claim.

## RECOMMENDATION

8  The Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT
9 LEAVE TO AMEND.
10  These findings and recommendations will be submitted to the Honorable Lawrence J.
11 O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
12 being served with these Findings and Recommendations, Plaintiff may file written objections
13 with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings
14 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
15 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153
16 (9th Cir. 1991).

18  IT IS SO ORDERED.
19  Dated:   **July 31, 2009**            /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE